# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WENDELYN D. GOODRICH,

                **Plaintiff,**

-vs-                                    **Case No. 6:08-cv-973-Orl-28DAB**

COMMISSIONER OF SOCIAL
SECURITY,

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 21)** |
| **FILED:** | **September 29, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 17 and 18). The Commissioner is unopposed. Doc. No. 21.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $4,870.95, calculated at the rate of $167.48 per hour ($125.00 adjusted for cost of living increase of approximately 33.99% (Consumer Price Index)) for 27.5 hours of work expended in 2008; and, at the rate of $165.78 per hour ($125.00 adjusted for cost of living increase of approximately 32.62% (CPI)) for a total of 1.6 hours of work expended in 2009. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992)(court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 21-2.

Counsel has filed an Assignment of EAJA Fees form[1] signed by Plaintiff (Doc. No. 21-3), and seeks to have the fees paid directly to counsel. Any arrangement between client and counsel is outside the purview of the judgment. Moreover, under Eleventh Circuit precedent directly on point, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney.

Upon review of the supporting papers filed by Plaintiff and the Commissioner having no opposition, the Court finds that these sums are reasonable and an award is appropriate under the

---

[1]In the Motion, counsel refers to a "Ms. Hawthorne" which the Court presumes is a typographical error. Doc. No. 21 at 2.

EAJA. It is therefore **respectfully RECOMMENDED** that the motion be **GRANTED** and judgment

be entered in the amount of **$4,870.95** for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record